UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GARY LAZELL ROBERTS,

       Movant,

       File No. 1:12-cv-165

v.

       HON. ROBERT HOLMES BELL

UNITED STATES OF AMERICA,

       Respondent.
_____/

**O P I N I O N**

This matter is before the Court on Movant Gary Lazell Roberts's motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255. (Dkt. No. 1.) For the reasons that follow, his motion will be denied.

**I.**

Movant was indicted on February 14, 2007, on one count of Armed Career Criminal in Possession of Firearms in violation of 18 U.S.C. §§ 922(g)(1), 924(e). Violations of § 922(g)(1) have a maximum sentence of 10 years, but when § 924(e) – the Armed Career Criminal Enhancement – is charged, it raises the minimum sentence to 15 years with a maximum of life.

On April 12, 2007, Movant entered into a plea agreement. (File No. 1:07-cr-032, Dkt. No. 14.) As part of the plea agreement, Movant waived his right to appeal or make collateral

attacks. (*Id*. at 8.) Movant also stipulated that he understood the crime, the possible penalties, and had committed four prerequisite violent felonies for the Armed Career Criminal Enhancement, § 924(e). (*Id*.) Two of those previous felonies were Assaulting, Resisting, or Obstructing a Police Officer, in violation of Michigan Compiled Laws § 750.81d(1). (*Id*.) On, April 18, 2007, Movant pleaded guilty to the indictment. (File No. 1:07-cr-032, Dkt. No. 26.) On July 27, 2007, Movant was sentenced to 144 months custody. (File No. 1:07-cr-032, Dkt. No. 31.) There was a direct appeal filed on August 7, 2007, but it was voluntarily dismissed on June 6, 2008. (File No. 1:07-cr-032, Dkt. Nos. 33, 42.)

On February 24, 2012, Movant filed his § 2255 motion. (Dkt. No. 1.) Movant claims that he was wrongly sentenced as an Armed Career Criminal because his previous convictions under § 750.81d(1) did not qualify as violent felonies. (Dkt. No. 2 at 2 (citing *United States v. Mosley*, 757 F.3d 603 (6th Cir. 2009).) Under this theory, he argues that the Court exceeded its jurisdiction by imposing a sentence above the 10 year statutory maximum of § 922(g)(1). (Dkt. No. 2.)

## II.

A prisoner who moves to vacate his sentence under § 2255 must show that the sentence was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such sentence, that the sentence was in excess of the maximum authorized by law, or that it is otherwise subject to collateral attack. 28 U.S.C. § 2255. To prevail on a § 2255 motion "a petitioner must demonstrate the existence of an

error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)). Non-constitutional errors are generally outside the scope of § 2255 relief. *United States v. Cofield*, 233 F.3d 405, 407 (6th Cir. 2000). A petitioner can prevail on a § 2255 motion alleging non-constitutional error only by establishing a "fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (quoting *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (internal quotations omitted)).

As a general rule, claims not raised on direct appeal are procedurally defaulted and may not be raised on collateral review unless the petitioner shows either (1) "cause" and "actual prejudice"; or (2) "actual innocence." *Massaro v. United States*, 538 U.S. 500, 504 (2003); *Bousley v. United States*, 523 U.S. 614, 621-22 (1998); *United States v. Frady*, 456 U.S. 152, 167-68 (1982).

A court is required to grant a hearing to determine the issues and make findings of fact and conclusions of law on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ." 28 U.S.C. § 2255(b). No evidentiary hearing is required if the petitioner's allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible, or

conclusions rather than statements of fact." *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007) (quoting *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)). "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." Rules Governing § 2255 Cases, Rule 4(b). Where the judge considering the § 2255 motion also conducted the trial, the judge may rely on his or her recollections of the trial. *Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996).

### III.

The Court must first address whether Movant's § 2255 motion is barred by the waiver within his plea agreement: "[t]he Defendant also waives the right to challenge such a sentence and the manner in which it was determined in any collateral attack, including but not limited to, a motion brought under Title 28, United States Code, § 2255." (File No. 1:07-cr-032, Dkt. No. 14, at 8.)

"A defendant may waive any right in a plea agreement, including a constitutional right, if the waiver is made knowingly and voluntarily." *United States v. Fleming*, 239 F.3d 761, 763-64 (6th Cir. 2001); *Davila v. United States*, 258 F.3d 448, 451 (6th Cir. 2001). The Sixth Circuit has held, in particular, that a movant's waiver by plea agreement of his right to directly appeal or collaterally attack his sentence is generally enforceable. *United States v. Calderon*, 388 F.3d 197 (6th Cir. 2004); *In re Acosta*, 480 F.3d 421, 422 (6th Cir. 2007). To allow a defendant to attempt to claim that the agreement is something different from

what it unambiguously appears, would violate established contract law standards. *Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986); *Ramos v. Rogers*, 170 F.3d 560, 563 (6th Cir. 1999).

In this case, Movant knowingly, intelligently, and voluntarily agreed to the waiver contained within the plea agreement. First, Movant doesn't allege that the waiver or the plea agreement were not knowingly, intelligently, and voluntarily entered. (Dkt. 2, at 8-9.) Second, the section immediately preceding the Movant's signature verifies that the Movant entered the plea agreement knowingly, intelligently, and voluntarily. (File No. 1:07-cr-032, Dkt. No. 14, at 10.) Third, Movant's Counsel affirms this by attaching his own signature. (*Id.*) Fourth, the thorough plea colloquy given by the Court ensured that the plea is knowingly, intelligently, and voluntarily entered. (File No. 1:07-cr-032, Dkt. No. 26.)

Rather, Movant tries to invalidate the plea agreement and its waiver by arguing that they "should have no lingering effects" because the case law has changed. However "where developments in the law later expand a right that a defendant has waived in a plea agreement, the change in law does not suddenly make the plea involuntary or unknowing or otherwise undo its binding nature." *United States v. Bradley*, 400 F.3d 459, 463 (6th Cir. 2005). Further, the Court's decision to apply the Armed Career Criminal Enhancement is an aspect of "the manner in which the sentence was determined." *United States v. Caruthers*, 458 F.3d 459, 471. Movant expressly waived the right to collaterally attack the manner in which the sentence was determined in the plea agreement. (File No. 1:07-cr-032,

5

Dkt. No. 14, at 8.)  As such, the waiver will be enforced against Movant's claims.

However, Movant also argues that he was sentenced in excess of the statutory maximum of § 922(g)(1), and, because of this, the court lacked jurisdiction to impose this sentence. This argument cannot be waived. *Caruthers*, 458 F.3d at 472 ("[A]n appellate waiver does not preclude an appeal asserting that the statutory-maximum sentence has been exceeded."). At the time of sentencing, the Court was using the categorical approach set forth in *United States v. Payne*, 163 F.3d 371, 375 (6th Cir. 1998). Under this test, violations of Michigan Compiled Laws § 750.81d(1) qualified as crimes of violence. *United States v. Merchant*, 288 F. App'x 261, 263-64 (6th Cir. 2008). Furthermore, Movant pleaded guilty to being an Armed Career Criminal. (File No. 1:07-cr-032, Dkt. No. 26.) Because Movant had four, then qualifying, prior violent felonies, Movant was properly sentenced under § 924(e). Therefore the Court was proper in finding and sentencing up to the maximum allowed under § 924(e) – life in prison.  Because the 144 month sentence was below the maximum sentence, the Court did not exceed its jurisdiction.

## IV.

The files and records in this case conclusively show that Movant is entitled to no relief under § 2255. Accordingly, no evidentiary hearing is required to resolve the merits of the pending motion. For the reasons stated, Movant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 will be denied.

Pursuant to 28 U.S.C. § 2253(c), the Court must also assess whether to issue a

certificate of appealability to Movant. To warrant a grant of a certificate of appealability, Movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Sixth Circuit Court of Appeals has disapproved of the issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Upon review of each claim, the Court does not believe that reasonable jurists would find its assessment of Movant's claims to be debatable or wrong. Accordingly, a certificate of appealability will also be denied as to each claim.

An order and judgment consistent with this opinion shall be entered.


Dated: October 4, 2012                    /s/ Robert Holmes Bell
                                          ROBERT HOLMES BELL
                                          UNITED STATES DISTRICT JUDGE